UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20506-CIV-COOKE/O'SULLIVAN

REGINO RODRIGUEZ,

      Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

      Defendant,

_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion to Strike Plaintiff's Experts (DE# 19, 8/12/21).

## BACKGROUND

On or about December 9, 2020, the plaintiff filed a one-count complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. See Complaint for Damages and Demand for Jury Trial (DE# 1-1, 2/5/21) (hereinafter "Complaint"). The Complaint alleged a cause of action for breach of contract against the defendant arising out of the defendant's denial of an insurance claim based on the alleged damage to a commercial property as a result of Hurricane Irma.

On February 5, 2021, the defendant removed this action to the United States District Court for the Southern District of Florida based on diversity jurisdiction. See Notice of Removal of a Civil Action (DE# 1 at ¶ 11, 2/5/21).

The plaintiff filed his expert disclosures on March 10, 2021. See Plaintiff's Rule 26(a)(2) Expert Witness Disclosure (DE# 6, 3/10/21) (hereinafter "Plaintiff's Expert

Witness Disclosure"). The Plaintiff's Expert Witness Disclosure listed three experts: Grant Renne, a professional engineer, Jose Uz, a forensic field inspector, and Ricardo Carnero, an independent adjuster and damage expert. Id. at 1. Attached to the Plaintiff's Expert Witness Disclosure was a March 1, 2021 report co-authored by Mr. Uz and Mr. Renne. See Forensic Inspection Report (DE# 6-1 at 10, 3/10/21) (hereinafter "Expert Report"). Mr. Renne subsequently withdrew as an expert in this case during his deposition on August 2, 2021. According to the defendant, "Plaintiff's counsel improperly interrupted and obstructed the deposition and returned to the record only to allow for Mr. Renne to announce his withdrawal from the case." Defendant's Motion to Strike Plaintiff's Experts (DE# 19 at 4, 8/12/21).

In the interim, on March 16, 2021, the Court issued an order setting a trial date and pretrial deadlines. See Scheduling Order for Pretrial Conference and Trial (DE# 10, 3/16/21) (hereinafter "Scheduling Order"). The Scheduling Order stated in part that:

> **ALL EXPERT DISCOVERY MUST BE COMPLETED BY THE DISCOVERY CUT-OFF. THEREFORE, THE PARTIES MUST AGREE UPON A SCHEDULE FOR EXPERT DISCLOSURES AND DEPOSITIONS WHICH WILL FACILITATE THEIR COMPLETION BY THAT DATE. THE CONTENT OF THE EXPERT DISCLOSURES MUST CONFORM TO THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 26.**

Id. at 1 (capitalization and bold emphasis in original). The defendant states that "[t]he Parties did not specify a schedule of expert disclosures because pursuant to their discovery plan, their disclosures had already been made." Motion at 3. The docket reflects that the plaintiff filed Plaintiff's Expert Witness Disclosure on March 10, 2021, before the Court issued its Scheduling Order. See Plaintiff's Rule 26(a)(2) Expert Witness Disclosure (DE# 6, 3/10/21). The Proposed Discovery Plan (DE# 8, 3/12/21) signed by both parties also reflects the parties' understanding that expert witnesses had

already been disclosed and thus the parties did not submit an agreed upon proposed schedule for expert disclosures. See Proposed Discovery Plan (DE# 8, 3/12/21) (stating that "Expert Witness Reports have been disclosed at this time pursuant to this Court's Order dated February 8, 2021").

On August 10, 2021, the plaintiff filed Plaintiff's Amended Expert Witness List (DE# 18, 8/10/21) (hereinafter "Plaintiff's Am. Expert Witness List"). The Plaintiff's Am. Expert Witness List listed two experts, Jose A. Nodal, Jr. and Jose Uz. The Plaintiff's Am. Expert Witness List described Mr. Nodal as "a General Contractor (Damage Expert) who is expected to testify based upon the amount of the damages, but not limited to, the cost of the loss and the repairs performed, based on his experience, knowledge and training in his field." Id. at 1. Mr. Uz was listed as:

> a Forensic Field Inspector and Mold Expert with numerous licenses and qualifications, including mold assessment and he will identify various forensic evidence that explains certain damages throughout the commercial property. Mr. Uz will testify about the cause, origin and extent of the subject loss and damage to the Insured's commercial property based upon the examination of the claim including, but not limited to, the cause of the loss, the repairs performed, records review[ed] and he will render an opinion based on his experience, knowledge and training in his field. Mr. Uz may opine as to mold causation and origin and he may opine as to some forensic findings.

Id. No expert reports or other documents were attached to the Plaintiff's Am. Expert Witness List.

On August 12, 2021, the defendant moved to strike Mr. Uz and Mr. Nodal. See Defendant's Motion to Strike Plaintiff's Experts (DE# 19, 8/12/21) (hereinafter "Motion"). The plaintiff filed separate responses in opposition addressing each expert. See Plaintiff's Response in Opposition to Defendant, Scottsdale Insurance Company's, Motion to Strike Plaintiff's Cause and Origin Liability Expert Jose Uz (DE# 27, 8/26/21)

3

(hereinafter "Uz Response"); Plaintiff's Response in Opposition to Defendant,
Scottsdale Insurance Company's, Motion to Strike Plaintiff's Damages Expert, Jose
Nodal (DE# 28, 8/26/27) (hereinafter "Nodal Response"). The plaintiff also filed two
notices. <u>See</u> Notice of Filing Affidavit of Plaintiff's Cause and Origin Liability Expert,
Jose Uz, in Opposition to Defendant's Motion to Strike Plaintiff's Experts (DE# 25,
8/25/21); Notice of Filing Affidavit of Plaintiff's Expert, Jose Uz, Clarifying Why His
Expert Report and Prior Affidavit Have a Different Property Address (DE# 26, 8/26/21).
The defendant filed two replies. <u>See</u> Defendant's Reply in Support of Its Motion to Strike
Plaintiff's Expert, Jose Uz (DE# 35, 9/2/21) (hereinafter "Uz Reply"); Defendant's Reply
in Support of Its Motion to Strike Plaintiff's Expert, Jose Nodal (DE# 36, 9/2/21)
(hereinafter "Nodal Reply").

This matter is ripe for adjudication.

## <u>STANDARD OF REVIEW</u>

A party must disclose the identity of any witness it intends to use at trial to
present evidence under Federal Rules of Evidence 702, 703, or 705. Fed. R. Civ. P.
26(a)(2)(A). Rule 26(a)(2)(B) requires the disclosing party to include a written report that
is prepared and signed by the proposed expert witness. The written report must include:

> (i) a complete statement of all opinions the witness will express and the
> basis and reasons for them;

> (ii) the data or other information considered by the witness in forming
> them;

> (iii) any exhibits that will be used to summarize or support them;

> (iv) the witness's qualifications, including a list of all publications authored
> in the previous 10 years;

> (v) a list of all other cases in which, during the previous four years, the
> witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Thus, the "'[d]isclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing 'a complete statement of all opinions' and 'the basis and reasons therefore.'" Reese v. Herbert, 527 F.3d 1253, 1265 (11th Cir. 2008) (citing Fed. R. Civ. P. 26(a)(2)(B)).

Rule 26(a)(2)(D) requires the parties to make the disclosures "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Where there is no court order or stipulation, disclosures must be made at least 90 days before the start of trial. Fed. R. Civ. P. 26(a)(2)(D)(i).

"Compliance with Rule 26 'is not merely aspirational' but is 'intended to provide opposing parties [a] reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" Indian Creek Club & Marina Condo. Ass'n, Inc. v. QBE Ins. Corp., No. 11-20579-CV, 2012 WL 13012489, at *1 (S.D. Fla. Feb. 24, 2012) (quoting OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1363 (11th Cir. 2008)). "Rule 37 allows the district court to exclude a witness as a sanction for a Rule 26 violation." Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009). Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." Mitchell, 318 F. App'x at 824.

<u>ANALYSIS</u>

**I.      Failure to Comply with Rule 26(a)(2)(B) Expert Disclosures**

**A.      Jose A. Nodal, Jr.**

Jose A. Nodal, Jr. is the plaintiff's damages expert "who is expected to testify based upon the amount of the damages, but not limited to, the cost of the loss and the repairs performed" to the subject property. Plaintiff's Am. Expert Witness List at 1. The defendant seeks to strike Mr. Nodal as an expert in the instant case on two grounds: (1) Mr. Nodal was not timely disclosed and (2) Mr. Nodal's expert disclosure was inadequate under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Motion at 1. The Court will address these arguments below.

**1.      Timeliness**

The defendant states that "Jose Nadal [sic] was made known to Scottsdale for the first time when the Plaintiff filed his Amended Expert Witness List on August 10, 2021." Motion at 6. The defendant maintains that Mr. Nodal's disclosure on August 10, 2021 was not timely. The defendant notes that "[t]he Parties did not specify a schedule of expert disclosures because pursuant to their discovery plan, their disclosures had already been made." <u>Id.</u> at 3.

Rule 26(a)(2)(D) requires the parties to make expert disclosures "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Where there is no court order or stipulation, disclosures must be made at least 90 days before the start of trial. Fed. R. Civ. P. 26(a)(2)(D)(i). Here, the Scheduling Order required that all expert discovery be completed by the discovery cutoff date and required the parties to agree on a schedule for expert disclosures and depositions. <u>See</u> Scheduling Order (DE# 10 at 1, 3/16/21). The record appears to support the defendant's position that the parties did

6

not submit an agreed upon schedule for expert disclosures because their experts had already been disclosed. See Proposed Discovery Plan (DE# 8, 3/12/21) (stating that "Expert Witness Reports have been disclosed at this time pursuant to this Court's Order dated February 8, 2021"). There is support for the defendant's position that disclosing a new expert a mere ten days before the discovery cutoff is not timely. Ten days is an insufficient amount of time to take expert written discovery or retain and a prepare a rebuttal expert, if needed. However, an argument could be made that the plaintiff's August 10, 2021 disclosure was not technically untimely because it was made at least 90 days before the November 15, 2021 trial date and there was no stipulation or Court Order stating when expert disclosures had to be made.

The undersigned does not need to determine whether the plaintiff's August 10, 2021 disclosure of Mr. Nodal was timely because, irrespective of timeliness, Mr. Nodal's expert disclosure was clearly inadequate under Rule 26(a)(2)(B) as discussed below.

## 2.    Adequacy of Expert Disclosures under Rule 26(a)(2)(B)

The defendant argues that Mr. Nodal should be stricken as an expert because "Plaintiff did not submit the required report and proper documentation with the untimely disclosure of Mr. Nodal as an expert witness in accordance with Fed. R. Civ. Pro. 26(a)(2)(B)." Motion at 7.

The plaintiff does not attempt to argue that Mr. Nodal's disclosure was in compliance with Rule 26(a)(2)(B). Rather, the plaintiff argues that "since . . . [learning of] Mr. Nodal on August 10, 2021, Defendant has had and continues to have ample amounts of time to depose Mr. Nodal if needed and prepare for trial." Nodal Response at 3. The plaintiff cites to a Florida Supreme Court case, Binger v. King Pest Control, 401 So. 2d 1310, 1313 (Fla. 1981), discussing certain factors a court should consider in

exercising its discretion to exclude a witness who has not been properly disclosed. Nodal Response at 2-4. The plaintiff also cites Florida state court cases for the proposition that courts "are very reluctant to exclude expert witness testimony." Id. at 4.

As noted above, the "'[d]isclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing 'a complete statement of all opinions' and 'the basis and reasons therefore.'" Reese, 527 F.3d at 1265 (citing Fed. R. Civ. P. 26(a)(2)(B)). The plaintiff did not include an expert report in his disclosure of Mr. Nodal. There was no report containing "a complete statement of all opinions" Mr. Nodal will render at trial, the "basis and reasons for them" or "the facts or data considered by [Mr. Nodal] in forming them." Id. at (a)(2)(B)(i)-(ii). The plaintiff did not include any exhibits summarizing or supporting Mr. Nodal's opinions, a list of Mr. Nodal's qualifications (including any publications he has authored in the past 10 years) or "a list of all other cases in which, during the previous 4 years, [Mr. Nodal has] testified as an expert at trial or by deposition." Id. at (a)(2)(B)(iii)-(v). As this Court has noted:

> [w]hile a testimony list may seem administrative in nature, it is an important document which allows parties to evaluate an expert's credibility. For instance, a party may use an expert's testimony list to see how an expert's testimony was received in prior litigations such as whether or not such expert's testimony was struck or excluded for some reason and why that was the case.

Cedant v. United States, No. 19-24877-CIV, 2021 WL 2895714, at *6 (S.D. Fla. July 9, 2021). The plaintiff did not even disclose how much he is paying Mr. Nodal. Fed. R. Civ. P. 26(a)(2)(B)(vi).

Here, nothing more than the identity and the subject matter of Mr. Nodal's testimony was revealed in the Plaintiff's Am. Expert Witness List. There can be no

question that the plaintiff's disclosure of Mr. Nodal failed to comply with Rule 26(a)(2)(B)'s requirements. The undersigned will address the appropriate remedy for non-compliance below.

### B.    Jose Uz

Jose Uz is the plaintiff's causation and origin expert. Plaintiff's Am. Expert Witness List at 1. The plaintiff states that "Mr. Uz will testify about the cause, origin and extent of the subject loss and damage to the Insured's commercial property." Id. He "may opine as to mold causation and origin and he may opine as to some forensic findings." Id.

The defendant does not dispute that the plaintiff's initial expert witness disclosure of Mr. Uz complied with Rule 26(a)(2)(B). See Uz Reply at 2 (stating that "Scottsdale agrees that the initial disclosure of Mr. Uz was proper, as it included the disclosure of [Grant] Renne, co-author of Mr. Uz's report."). Rather, the defendant seeks to strike Mr. Uz as an expert in the instant case based on the plaintiff's withdrawal of a different expert, Grant Renne. Motion at 1; see also Uz Reply at 2 ("as Plaintiff has withdrawn Mr. Renne from the claim, the disclosure of Mr. Uz alone is now improper and any extension of deadlines to allow for a deposition of Mr. Uz would not cure the prejudicial effect of the Plaintiff's amended disclosure excluding Mr. Renne.").

The defendant notes that Mr. Uz and Mr. Renne jointly signed an expert report before Mr. Renne withdrew as an expert in this case. Motion at 1.[1] The defendant

---

[1] Mr. Renne announced his withdrawal from the case during his deposition on August 2, 2021. According to the defendant, "Plaintiff's counsel improperly interrupted and obstructed the deposition and returned to the record only to allow for Mr. Renne to announce his withdrawal from the case." Motion at 4.

argues that "[i]f Plaintiff seeks to withdraw Mr. Renne as an expert witness, he cannot have the benefit of using Mr. Renne's expert report for the purpose of Jose Utz's [sic] expert disclosure." Id. at 2; According to the defendant,

> the Plaintiff must either withdraw Mr. Utz [sic] as an expert witness or permit the Defendant to complete its deposition of Mr. Renne and allow the Defendant to call Mr. Renne to testify regarding the opinions contained in his report and the opinions he provided during his August 2, 2021 deposition.

Id.

> The plaintiff states that:

> It is important to note that Mr. Uz compiled a professional opinion himself in the report disclosed, and Plaintiffs Engineer, Grant Renne, performed a Formal Review of the evidenced gathered, as well as a review of the calculations made and conclusions, to assure the disclosure was accurate within a Reasonable Degree of Professional Certainty, concurring with the opinion.

Uz Response at 2 (emphasis in original). The plaintiff proceeds to argue that Mr. Uz was properly disclosed under Rule 26(a)(2)(B) and cites to Florida state court cases for the proposition that courts "are very reluctant to exclude expert witness testimony." Id. at 3-4. Finally, the plaintiff notes that Mr. Uz "is available and has always made himself available [for deposition]." Id. at 4.

In conjunction with the Uz Response, the plaintiff filed the Affidavit of Jose Uz in Opposition to Defendant's Motion to Strike Plaintiff's Experts (DE# 25, 8/25/21) (hereinafter "Uz Aff.").[2]  In his affidavit, Mr. Uz makes only one reference

---

[2] The plaintiff filed a second affidavit from Mr. Uz explaining a discrepancy with the address of the property at issue in the instant case. See Notice of Filing Affidavit of Plaintiff's Expert, Jose Uz, Clarifying Why His Expert Report and Prior Affidavit Have a Different Property Address (DE# 26, 8/26/21). Mr. Uz' second affidavit is not germane to the issues discussed in this Order.

to Mr. Renne:

> 11.    Additionally, **I performed wind force calculations that were reviewed for accuracy by Professional Engineer Grant Renne** to further elaborate and support the substantial applied pressures exerted on the commercial property located at 594 East 9th Street, Hialeah, FL 33010-4550.
>
> 12.    I documented my observations, professional opinions and conclusions along with the evidence, data, documents and photographs I reviewed in a report I authored dated March 1, 2021, and titled Forensic Inspection Report, which is enclosed together with this affidavit as attached Exhibit 1.

Id. at ¶¶ 11-12 (emphasis added).

The March 1, 2021 Expert Report Referenced in Mr. Uz' affidavit is the same

Expert Report that was filed with the Plaintiff's Expert Witness Disclosure on March 10,

2021. The Expert Report states, in part, as follows:

> Mr. Grant Renne and . . . Jose Uz are the expert witnesses retained by the Law Firm of Mario Serralta and Associates to opine on the origin cause and effects of damage(s) for the commercial retail building located at 890 E. 6 Ave. Hialeah. FL 33010 (the "Property") in the State of Florida. Jose Uz personally inspected the subject [property] on February 16, 2021 and **Mr. Renne and [Mr. Uz] have collaborated in the investigation and review of evidence (documents & photos) from professionals involved in the case, as well as independently researched other data, information and performed calculations in order to formulate an opinion/ conclusion as to the cause and effects of damages for the subject property including roof system, ensuing damages and related areas/ components on February 18, 19 and 22, 2021**.

Expert Report (DE# 6-1 at 2, 3/10/21) (emphasis added). Another part of the Expert

Report titled "Assumptions and Limiting Conditions" states that:

> 10. Any physical inspection, testing, and photographs were produced by Jose F. Uz, FI. Research, review and analysis of evidence, reports and photographs, data and all related images, documents and/ or calculations in developing opinions, conclusion, and **the final report were a collaborative effort accomplished by Jose F. Uz, FI and of Grant Renne, PE**.

Id. at 10 (emphasis added).

11

In its Reply, the defendant argues that the plaintiff should not be permitted

to withdraw Mr. Renne as an expert while still relying on Mr. Uz as an expert:

> It would be manifestly unfair to Scottsdale for the Court to allow the
> opinion of Mr. Uz, without also allowing the opinion of Mr. Renne, the
> individual who, at a minimum according to the Response, reviewed and
> approved Mr. Uz's findings and who submitted a joint report of findings
> pursuant to this Court's scheduling order. Scottsdale does not seek the
> deposition of Mr. Uz, and without the inclusion of Mr. Renne, the ability to
> depose Mr. Uz or the extension of any pretrial deadline to do so is
> irrelevant to the prejudice suffered by Scottsdale in its inability to also
> present testimony of Mr. Renne.

Uz Reply at 3.

At issue before the Court is whether the plaintiff may rely on the testimony of Mr.

Uz when Mr. Uz' opinions are contained in an Expert Report co-authored with Mr.

Renne. Neither party has presented the Court with any legal authority on whether the

plaintiff can rely on Mr. Uz as an expert without also re-designating the co-author of Mr.

Uz' report, Mr. Renne, as an expert witness.

A party may withdraw an expert witness. See Elena Myers Ct. v. LLB GYM, LLC,

No. CV 16-4848, 2018 WL 3156800, at *2 (E.D. Pa. June 28, 2018) (stating that "[e]ven

when the expert's report is produced to the opposing party . . . most courts allow de-

designation to shield the expert."). However, the instant case is complicated by the fact

that the plaintiff withdrew an expert witness who co-authored a report with another

expert who is expected to testify at trial.

"In a case where one expert's opinion relies on the work of an undisclosed

expert, the admissibility of the opinion turns 'on the contours' of Fed. R. Evid. 703 rather

than Fed. R. Civ. P. 26." Noffsinger v. Valspar Corp., No. 09 C 916, 2013 WL

12340339, at *2 (N.D. Ill. Jan. 4, 2013). Rule 703 allows an expert to rely upon the

expertise of others, so long as it is the sort of information relied upon by experts in the

field. See Fed. R. Evid. 703; see also Begualg Inv. Mgmt, Inc. v. Four Seasons Hotel Ltd., No. 10-22153-Civ., 2013 WL 836807, at *4 (S.D. Fla. Mar. 6, 2013) (stating that "[a]n expert witness's testimony may be formulated by using facts, data and conclusions of other experts so long as the testifying expert is presenting some independent findings.") (citations omitted).

An "expert must make some findings and not merely regurgitate another expert's opinion." Eberli v. Cirrus Design Corp., 615 F. Supp. 2d 1357, 1364 (S.D. Fla. 2009). Here, the undersigned is left to guess which portions, if any, of the Expert Report are based solely on Mr. Renne's opinions. The defendant has not specified which portions of the Expert Report it believes were mere regurgitations of Mr. Renne's opinions. Mr. Renne was not questioned about this at his deposition and the defendant chose not to take Mr. Uz' deposition.

Neither party has addressed Rule 703 in their filings and no Daubert motions have been filed in the instant case. Based on this record, the defendant has not shown that it is entitled to strike Mr. Uz as an expert due to Mr. Uz' Expert Report being co-authored with an expert who has since withdrawn from the case. See RePET, Inc. v. Zhao, No. EDCV1502315VAPSPX, 2018 WL 3372749, at *4 (C.D. Cal. Mar. 20, 2018) (finding motion to exclude expert without merit where "[the defendant did] not contend the work completed by [expert's] assistants was beyond [expert's] ken, nor [was] there any indication that [was] the case" and defendant "also [did] not identify any particular portion of [expert]'s report or testimony in which [expert] simply convey[ed] someone else's opinion").

## II.    Sanctions under Rule 37(c)(1)

As noted above, Rule 37(c)(1) provides for the exclusion of an expert based on

the failure to comply with Rule 26(a) or (e), unless the non-compliance is substantially

justified or harmless. Fed. R. Civ. P. 37(c)(1).[3]

"The district court has broad discretion in deciding whether a failure to disclose

evidence is substantially justified or harmless under Rule 37(c)(1)." U.S. ex rel. Bane v.

Breathe Easy Pulmonary Servs., Inc., No. 806CV40-T-33MAP, 2009 WL 92826, at *3

(M.D. Fla. Jan. 14, 2009). In determining whether the failure to disclose was

substantially justified or harmless, the Court considers the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose evidence.

Engle v. Taco Bell of Am., Inc., No. 8:09-CV-2102-T-33TBM, 2011 WL 883639, at *1

(M.D. Fla. Mar. 14, 2011).

### A.    Exclusion of Expert Testimony

#### 1.    Jose A. Nodal, Jr.

The defendant argues that the plaintiff's failure to comply with its expert

disclosure obligations resulted in prejudice to the defendant:

---

[3] In lieu of or in addition to the exclusion of a witness, Rule 37(c)(1) states that:

the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

> (B) may inform the jury of the party's failure; and

> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1)(A)-(C).

> Scottsdale has been prejudiced in several respects by Plaintiff's failure to timely and properly serve its expert disclosures in compliance with Rule 26(a)(2)(B). Scottsdale has not been provided with the basis or reasons for any of the opinions that Plaintiff's expert witness, Jose Nadal [sic], will express, let alone the facts or other information considered in forming them, or any specific exhibits summarizing or supporting them. Given that the deadline for all discovery is August 20, 2021, Scottsdale will not be able to effectively prepare for and depose Mr. Nadal [sic] and thus has been prejudiced by the Plaintiff's untimely and incomplete expert disclosure.

Motion at 7. The defendant further notes that it already incurred the expense of deposing the plaintiff's prior damages expert, Ricardo Carnero, and "[t]here is no justification for the involvement of an entirely new individual for the purpose of calculating damages only 10 days prior to the close of discovery." Nodal Reply at 3.

It appears that the plaintiff is arguing that his disclosure of Mr. Nodal as a new damages expert on August 10, 2021 was substantially justified because of a change in circumstance:

> After consulting with Mr. Nodal, for purposes of reaching perceived accounting costs of repairs in order to facilitate settlement, **it has come to the undersigned counsel's attention that the scope of work needed involves a vast method of repairs and bringing certain parts of the building up to code**, namely relevant code sections that changed in November 2020, several months after Plaintiff's Independent Adjuster, Mr. Ricardo Carnero, inspected the property and prepared his estimate provided in this claim.

Nodal Response at 3 (emphasis added).

The plaintiff notes that on August 24, 2021, he filed a motion to continue the trial date or, in the alternative, extend the deadline for fact and expert discovery. Nodal Response at 2.[4]  The plaintiff states that his motion for continuance is supported by the

---

[4]  The Plaintiff's Motion to Continue Trial or in the Alternative, Extend Deadline for Discovery (DE# 23, 8/24/21) remains pending before the District Court.

affidavit of Mairely Rodriguez. Id. Ms. Rodriguez is the plaintiff's daughter and "designated Property Manager/Chief Operating Officer of the RMR Rodriguez Revocable Trust." Affidavit of Mairely Rodriguez, in Support of Plaintiff's Motion for Continuance, or in the Alternative, to Extend Trial Deadline to Complete Discovery (DE# 23-1, 8/24/21) (hereinafter "Rodriguez Aff."). Briefly, Ms. Rodriguez attests that she is asking the "Court to continue the trial to allow [her] to properly assess the current damages of the trust property as well as other incidental expenses and costs that may be incurred as a result of Hurricane Irma." Rodriguez Aff. at ¶ 2. Ms. Rodriguez further attests, in a general manner that: "It has also come to [her] attention - for reasons beyond anyone's control – that additional time is needed to allow [her] hired experts to properly offer forensic testimony and evidence in this case." Id. at ¶ 3.

The plaintiff further argues that the exclusion of Mr. Nodal as an expert would result in "significant prejudice" to the plaintiff. Nodal Response at 3. The plaintiff states that "[i]n order to properly present Plaintiff's damages portion of the case to the jury, a General Contractor is necessary because relevant Florida Building Code Sections must be adhered to and followed to properly repair the subject property." Id. (emphasis in original).

The undersigned does not dispute the plaintiff's representation that Mr. Nodal is important to his case. Nonetheless, and for the reasons discussed below, the undersigned finds that the other factors weigh in favor of excluding Mr. Nodal as an expert witness in this case. Leaving aside the question of when the plaintiff should have known that his first damages expert's report was outdated, the plaintiff's explanation does not address why the plaintiff failed to comply with Rule 26(a)(2)(B)'s disclosure

16

requirements at the time he disclosed Mr. Nodal on August 10, 2021.

The plaintiff does not explain why Mr. Nodal's expert report was not attached to the Plaintiff's Am. Expert Witness List. The undersigned notes that the property Mr. Nodal needs to inspect in order to formulate his opinions is the plaintiff's own property. Thus, this is not an instance where the plaintiff would need to secure the defendant or a non-party's permission to perform an inspection. The plaintiff did not attach a curriculum vitae for Mr. Nodal, a list of cases where Mr. Nodal has testified in the past or even a compensation schedule. All of this information was within the plaintiff or Mr. Nodal's control. The undersigned finds that the plaintiff has not shown substantial justification for the failure to comply with Rule 26(a)(2)(B)'s expert disclosures.

A party may also avoid the exclusion of its expert by showing that the failure to comply with Rule 26(a) or (e) was harmless. Fed. R. Civ. P. 37(c)(1). "A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." Hewitt v. Liberty Mut. Grp., Inc., 268 F.R.D. 681, 683 (M.D. Fla. 2010). The plaintiff insists that there is no prejudice to the defendant. Nodal Response at 2-3. The plaintiff notes that he disclosed Mr. Nodal as an expert on August 10, 2021 and, as such, "Defendant has had and **continues to have** ample amounts of time to depose Mr. Nodal if needed and prepare for trial." Id. at 3 (emphasis in original).

The plaintiff's argument ignores the fact that the defendant cannot meaningfully prepare for and depose Mr. Nodal without an expert report containing the information required by Rule 26(a)(2)(B). In fact, Rule 26(b)(4)(A) states that "**[i]f Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided**." Fed. R. Civ. P. 26(b)(4)(A) (emphasis added). Additionally, "an

17

expert report must be complete such that 'opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and . . .  the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.'" <u>Dyett v. N. Broward Hosp. Dist.</u>, No. 03-60804-CIV, 2004 WL 5320630, at *1 (S.D. Fla. Jan. 21, 2004). The fact that the plaintiff is willing to make Mr. Nodal available for deposition, well-after the August 20, 2021 discovery cutoff, does not render the plaintiff's failure to comply with Rule 26(a)(2)(B) expert disclosures harmless.

The undersigned finds that the plaintiff's expert disclosure of Mr. Nodal violated Rule 26(a)(2)(B) and was neither substantially justified nor harmless under Rule 37(c)(1). Accordingly, Mr. Nodal is hereby **STRICKEN** as an expert in this case.

### 2.    Jose Uz

The defendant argues that it has been prejudiced by the plaintiff's withdrawal of Mr. Renne as an expert in this case because the defendant's counsel and its expert incurred time and expense in preparing for and taking Mr. Renne's deposition. Motion at 8. The defendant states that it "does not seek the deposition of Mr. Uz, and without the inclusion of Mr. Renne, the ability to depose Mr. Uz or the extension of any pretrial deadline to do so is irrelevant to the prejudice suffered by Scottsdale in its inability to also present testimony of Mr. Renne." Uz Reply at 3.

The plaintiff argues that the defendant has not been prejudiced because Mr. Uz was properly disclosed and is available for deposition, even though, to date, the defendant has chosen not to depose Mr. Uz. Uz Response at 3.

The defendant relies on Rule 37 as the basis for sanctions. However, the defendant has not shown that the plaintiff violated any discovery rule or Court Order in withdrawing Mr. Renne as an expert and proceeding with Mr. Uz. Unlike, the disclosure

18

of Mr. Nodal, the plaintiff complied with his Rule 26(a)(2)(B) disclosure obligations with respect to Mr. Uz and Mr. Renne. The defendant has had a copy of Mr. Uz' report (co-authored with Mr. Renne) since March 10, 2021. Unlike Mr. Nodal, the defendant would have been able to prepare for and take the deposition of Mr. Uz prior to the discovery cutoff.

The Court will nonetheless permit the defendant to recover the costs associated with Mr. Renne's deposition. The Court notes from reviewing Mr. Renne's deposition transcript that the plaintiff's counsel agreed to pay for the costs associated with Mr. Renne's deposition:

> [Counsel for the Defendant]: Okay. **We'll be filing a motion to have costs for this deposition recuperated.**
>
> [Counsel for the Plaintiff]: **I don't think you have to file a motion. Send me a bill, Ms. Smith, okay?**
>
> [Counsel for Defendant]: Okay. And maybe you and I can discuss this claim on a more reasonable basis sometime in the future?
>
> [Counsel for Plaintiff]: Well, tell me when you want me to call you.

Deposition of Grant W. Renne, P.E. (DE# 35-1 at 66, 9/2/21) (emphasis added). The Court will rely on the plaintiff's counsel's statement that there is no need for the Court's involvement in determining the costs of Mr. Renne's deposition.

### B.     Intentional or Bath Faith Non-Compliance with the Trial Order

The defendant argues that in light of the withdrawal of Mr. Renne at his deposition, "the Court must consider the Plaintiff's possible intentional or bad faith noncompliance with the pretrial order." Uz Reply at 3. The defendant states that "Plaintiff's counsel improperly obstructed the deposition and returned to the record only to allow for Mr. Renne to announce his withdrawal from the case." Id. According to the

defendant,

> [t]he behavior of Plaintiff's counsel and Mr. Renne during the August 2, 2021 deposition is consistent with bad faith, wherein Plaintiff's counsel may have realized during the deposition that his expert was aiding in the defense of the claim, and chose to obstruct the deposition so as to withdraw his expert and avoid the presentation of his expert's defense favorable opinions and testimony.

Uz Reply at 4.

The undersigned has reviewed Mr. Renne's deposition and finds the defendant's argument speculative. The undersigned will not attribute such nefarious motives and schemes to the plaintiff's counsel absent more compelling evidence.

### C.    Attorney's Fees

The defendant also seeks to recover attorney's fees pursuant to Rule 37(c)(1)(A) of the Federal Rules of Civil Procedure for bringing the instant Motion. Motion at 8.[5]

Rule 37 empowers courts to award sanctions for various discovery violations. As noted above, Rule 37(c)(1) states that in lieu of or in addition to the exclusion of a witness:

> the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure [to disclose];

> (B) may inform the jury of the party's failure [to disclose]; and

> (C) may impose other appropriate sanctions, including any of the orders

---

[5]  In a reply, the defendant states, for the first time, that if Mr. Nodal is not stricken as an expert, the Court should award the defendant "fees and costs for Scottsdale's expenses and time spent for the purposes of deposing Ricardo Carnero as the Plaintiff's previously-disclosed expert with regard to damages." Nodal Reply at 4. Because Mr. Nodal is being stricken as an expert, the Court does not need to address this alternative request for relief.

listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1)(A)-(C).

The defendant has shown that the plaintiff failed to comply with Rule 26(a)(2)(B) with respect to the disclosure of Mr. Nodal. The plaintiff's failure to comply with Rule 26(a)(2)(B) as to Mr. Nodal was not justified or harmless. As for the remainder of the defendant's Motion, however, the defendant has not shown that the plaintiff violated any discovery rule or Court Order in withdrawing Mr. Renne as an expert.

Under the circumstances of this case, the Court will exercise its discretion and not award additional sanctions beyond the exclusion of Mr. Nodal as an expert in this case.

## **CONCLUSION**

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Strike Plaintiff's Experts (DE# 19, 8/12/21) is **GRANTED in part and DENIED in part**. Jose A. Nodal, Jr. is hereby **STRICKEN** as an expert witness in the instant case. The plaintiff has offered to make Mr. Uz available for deposition. If the defendant wishes to take Mr. Uz' deposition, Mr. Uz' deposition shall take place within **seven (7) days** of this Order. The instant Motion is **DENIED** in all other respects.

DONE AND ORDERED in Chambers at Miami, Florida, this **21st** day of October, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE