UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-20506-COOKE/DAMIAN

REGINO RODRIGUEZ,
As Trustee of the RMR Rodriguez
Revocable Trust,

      Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

      Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR ATTORNEY'S FEES AND COSTS [ECF NO. 63]**

THIS CAUSE is before the Court on Defendant, Scottsdale Insurance Company's, Verified Motion to Tax Attorney's Fees and Costs (the "Motion"), filed September 22, 2022. [ECF No. 63]. The Motion was referred to the undersigned by the Honorable Kathleen M. Williams, United States District Judge, on behalf of the Honorable Marica G. Cooke, United States District Judge. [ECF No. 65].

THE COURT has reviewed the Motion, the evidence provided by Defendant in support of its request for fees and costs, the pertinent portions of the record, and the legal authorities governing the dispute and is otherwise fully advised in the premises. Plaintiff, Regino Rodriguez, as trustee of the RMR Rodriguez Revocable Trust, did not respond to the Motion, and the time to do so has passed. After review of the foregoing, the undersigned hereby **RECOMMENDS** that Defendant's Motion be **GRANTED** as set forth below.

## I. BACKGROUND

Plaintiff filed the Complaint on December 9, 2020, in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, alleging one count for breach of contract and seeking damages. [ECF No. 1-1]. Plaintiff alleged that Defendant breached an insurance policy (the "Policy") by failing to provide coverage for damage allegedly sustained to his property in Miami, Florida (the "Property") due to Hurricane Irma. Plaintiff sought damages based on Defendant's alleged breach. On February 5, 2021, Defendant removed the matter to this Court based on diversity jurisdiction. [ECF No. 1].

On May 27, 2021, Defendant served Plaintiff with a Proposal for Settlement (the "Proposal of Settlement" or the "Offer of Judgment") [ECF No. 63-1], which Plaintiff did not accept. The total amount offered in the Proposal for Settlement was $7,500.00. *Id*. On September 10, 2021, Defendant filed a Motion for Summary Judgment, arguing that it did not breach the Policy because Plaintiff failed to give prompt notice of the alleged damages at issue. [ECF No. 40]. The Court struck Plaintiff's Response to Defendant's Motion for Summary Judgment twice due to Plaintiff's failure to comply with the Federal Rules of Civil Procedure, which, consequently, caused Defendant to have to prepare three separate replies. [ECF Nos. 46, 55, 59]. The Court ultimately granted Defendant's Motion for Summary Judgment on August 23, 2022. [ECF No. 62].

On September 22, 2022, Defendant filed the Motion now before the Court seeking reasonable attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d) and Section 768.79, Florida Statutes. [ECF No. 63]. Defendant seeks to recover all costs incurred in the case, as well as fees incurred since May 27, 2021, the date of service of its Proposal for

Settlement. *Id.* Defendant seeks a total of $42,242 in attorney's fees and $3,683.50.02 in costs. *Id.* To support the fee request, Defendant attached a copy of the Proposal for Settlement, invoices of its incurred costs, and the deposition transcript of Plaintiff's causation expert, Grant Renne. [ECF Nos. 63-1, 63-2, 63-3]. Defendant also submitted a declaration of one of its attorneys, which included a copy of her professional biography, the law firm's billing invoices for this matter, and a copy of an audit of the firm's invoices conducted by a third-party legal billing auditor. [ECF Nos. 64, 64-1, 64-2, 64-3].

Although the Court could grant the Motion by default under Southern District of Florida Local Rule 7.1(c) because Plaintiff failed to respond, the undersigned has reviewed the Motion on its merits to ensure it is properly granted. *See* S.D. Fla. Local Rule 7.1(c) ("For all motions . . . each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."); *Baker v. Miami-Dade County*, No. 05-CV-20544, 2006 WL 566720, at *1 (S.D. Fla. Mar. 1, 2006) (pointing out that the motion for fees pursuant to Section 768.79 may be granted by virtue of the plaintiff's failure to respond to the motion).

## II. ANALYSIS

### A. *Entitlement To Award And Good Faith Of Offer Of Judgment*

1. <u>Entitlement Under Section 768.79, Florida Statutes</u>

The undersigned first considers whether Defendant is entitled to recover attorney's fees and costs under Section 768.79 and whether the Offer of Judgment was made in good faith.

Under Section 768.79, Florida Statutes, a defendant who prevails in a civil action for damages shall be entitled to recover reasonable attorney's fees and costs incurred if the

3

defendant filed an offer of judgment that was not accepted by the plaintiff within 30 days. Fla. Stat. § 768.79(1). The defendant shall be entitled to recover reasonable attorney's fees and costs if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than the offer. *Id.* Where the defendant is entitled to recover attorney's fees and costs, the defendant shall be awarded reasonable costs and attorney's fees incurred from the date the offer of judgment was served. Fla Stat. § 768.79(6)(a). However, even if a defendant is entitled to recover attorney's fees and costs, the court may, in its discretion, determine that the offer was not made in good faith and may disallow an award of fees and costs. Fla. Stat. § 768.79(7)(a).

Based on the record, the undersigned finds that Defendant is entitled to recover fees and costs because the statutory prerequisites of Section 768.79 have been satisfied. *See* Fla. Stat. § 768.79; *Ryan v. Lobo De Gonzalez*, 841 So. 2d 510, 520-21 (Fla. 4th DCA 2003) (explaining that Section 768.79 creates a right to attorney's fees if the party satisfies the prerequisites of (1) serving a demand or offer for judgment and (2) recovering a judgment at least 25 percent more or less than the judgment). On May 27, 2021, Defendant served Plaintiff with a Proposal for Settlement, which Plaintiff did not accept. Because Plaintiff has not disputed the validity of the Proposal for Settlement, the undersigned finds that it satisfies the requirements of Section 768.79.

Further, on August 23, 2022, the Court granted Defendant's Motion for Summary Judgment, which is a judgment of no liability under Section 768.79. Therefore, the undersigned finds that Defendant satisfied the statutory prerequisites of Section 768.79 and is entitled to recover reasonable attorney's fees and costs, unless the Court determines that the Offer of Judgment was not made in good faith. *See* Fla. Stat. § 768.79; *see also Tiara Condo.*

*Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1352-54 (S.D. Fla. 2010) (finding that the defendant was entitled to an award where summary judgment was granted in favor of the defendant and the plaintiff did not object to the validity of the offer under Section 768.79). The undersigned now turns to the matter of good faith.

The sole basis on which a court may disallow entitlement to an award of fees and costs under Section 768.79 after an offer of judgement is found to satisfy the statutory requirements is if it determines that the offer of judgment was not made in good faith. *McMahan v. Toto*, 311 F.3d 1077, 1083 (11th Cir. 2002); *Ryan*, 841 So. 2d at 521. The burden is on the offeree to prove that the offeror was not acting in good faith when making the offer. *Toto*, 311 F.3d at 1083; *Ryan*, 841 So. 2d at 521.

Here, Defendant made an offer of judgment of $7,500 to Plaintiff. The undersigned finds that the offer was more than nominal, although significantly less than the amount of damages sought by Plaintiff in the lawsuit, which was in excess of $90,000. Even if the offer was considered nominal, nominal offers are not alone determinative of bad faith. *Zendejas v. Redman*, 334 F. Supp. 3d 1249, 1258 (S.D. Fla. 2018). While nominal offers can be suspect if they are not based upon an assessment of liability and damages, they can be valid if the offeror had a reasonable basis at the time of the offer to conclude that their exposure in the case was nominal. *Toto*, 311 F.3d at 1083; *Ryan*, 841 So. 2d at 521. The good faith requirement does not "demand that an offeror necessarily possess, at the time he makes an offer or demand under the statute, the kind or quantum of evidence needed to support a judgment. The obligation of good faith merely insists that the offeror have some reasonable foundation on which to base an offer." *Toto*, 311 F.3d at 1083 (citing *Schmidt v. Fortner*, 629 So. 2d 1036, 1039 (Fla. 4th DCA 1993)).

In its Motion, Defendant asserts that it was confident that Plaintiff was not entitled to coverage under the Policy because Plaintiff failed to give notice of the alleged damages for nearly three years. Thus, Defendant argues that it had a reasonable basis to conclude that its exposure was minimal and that it, therefore, had a reasonable foundation on which to base its Proposal of Settlement.

The undersigned agrees that, based on the express language of the Policy and governing law regarding prompt notice of loss under insurance policies, Defendant had a reasonable basis at the time of the offer to conclude that its exposure was minimal. There was a high likelihood that Defendant would prevail on the breach of contract claim and, thus, a reasonable basis for Defendant to make an offer in good faith. Based on the nominal exposure, Defendant had a reasonable foundation on which to base its offer of $7,500. *See also Tiara Condo. Ass'n*, 697 F. Supp. 2d at 1359 (finding that the defendant made the offer in good faith because it had a reasonable basis to believe that it would not be found liable under the policy coverage); *Morris v. Arizona Beverage Co., LLC*, No. 03-60907-Civ., 2005 WL 5544961, at *7 (S.D. Fla. Feb. 9, 2005) (concluding that the defendant made the offer in good faith because it had a reasonable basis to believe there was a high likelihood it would prevail in the action); *Deltona House Rentals, Inc. v. Cloer*, 734 So. 2d 586, 588 (Fla. 5th DCA 1999) (reversing the trial court's denial of the motion for fees where the "suit was a case of zero liability from the outset" and stating the defendant "was not obliged to offer more than a nominal amount for its offer to be in good faith"); *State Farm Mut. Ins. Co. v. Marko*, 695 So. 2d 874, 876 (Fla. 2d DCA 1997) (concluding that the offer of $1 was made in good faith where the defendant evaluated the plaintiff's case and believed it had no liability in the case).

In addition, Defendant's ultimate success on its Motion for Summary Judgment weighs in favor of finding good faith. *Zachem v. Paradigm Props. Mgmt. Team, Inc.*, 867 So. 2d 1263, 1263 n. * (Fla. 1st DCA 2004) ("Although not dispositive, the ultimate outcome of the proceedings is certainly a consideration in determining whether an offer was made in good faith."); *Tiara Condo. Ass'n*, 697 F. Supp. 2d at 1359 (stating that defendant's ultimate success on summary judgment indicated that the defendant was justified in believing that it had minimal exposure and very limited liability in the case); *Morris*, 03-60907-Civ, 2005 WL 5544961 at *6 (stating that the fact that defendant prevailed on summary judgment dictated in favor of finding the offer was made in good faith).

The undersigned concludes that Defendant made the Proposal for Settlement in good faith and that there is no reason for the Court to disallow an award for fees and costs under Section 768.79. Therefore, Defendant is entitled to attorney's fees and costs incurred after May 27, 2021, the date of the Offer, pursuant to Section 768.89, Florida Statutes.

2. Entitlement To Costs Under Federal Rule Of Civil Procedure 54(d)

Defendant also seeks an award of costs pursuant to Federal Rule of Civil Procedure 54(d).

Pursuant to Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." *See* Fed. R. Civ. P. 54(d)(1); *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 606 n.8 (2001) ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." *Berube v. McCann Aerospace Machining Corp.*, 486 F. App'x 778, 780 (11th Cir. 2012). "Usually the litigant in

whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (internal citation omitted). While Rule 54(d) gives the court discretion to refuse to tax costs, "[t]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

"A prevailing party is one in whose favor judgment is rendered and who has gained some relief." *Pediatric Nephology Assocs. of S. Fla. v. Variety Children's Hosp.*, No. 16-24138-CIV, 2018 WL 4778456 at *2, (S.D. Fla. July 9, 2018) (citing *Head*, 62 F.3d at 354). "The definition of a 'prevailing party' is well-established in this circuit." *Lipscher v. LRP Publications, Inc.,* 266 F.3d 1305, 1321 (11th Cir. 2001) ("[T]he litigant in whose favor judgment is rendered is the prevailing party for purposes of [R]ule 54(d) . . . .").

Here, the Court awarded summary judgment to Defendant on the sole count in Plaintiff's Complaint, asserting breach of contract. Thus, because Defendant obtained summary judgment in its favor, Defendant is the prevailing party. *See Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005) ("A defendant is a prevailing party if the plaintiff achieves none of the benefits sought in bringing its lawsuit."). Moreover, the undersigned finds no basis for overcoming the strong presumption of awarding costs to the prevailing party under Rule 54(d). *Lipscher*, 266 F.3d at 1321; *Pickett*, 149 F. App'x at 832.

Accordingly, the undersigned concludes that Defendant is entitled to a costs award under Rule 54(d) as the prevailing party.

Notably, whereas under Section 768.79 of the Florida Statutes, a party is entitled to only those costs incurred since the service of its offer of judgment, under Rule 54(d), a party

8

is entitled to all of its costs incurred since the filing of the lawsuit. *See* 28 U.S.C. § 1920. The undersigned will discuss the computation of awardable costs under Rule 54(d) below.

### *B. Calculating Attorney's Fees*

The Eleventh Circuit utilizes the "lodestar" method in calculating reasonable attorney's fees, which calculates the fee award by multiplying the attorneys' reasonable hourly rates by the number of hours reasonably expended. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Once the lodestar amount is calculated, the result may be adjusted at the discretion of the court depending on the result obtained. *ACLU of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *Loranger*, 10 F.3d at 781. The fee applicant bears the burden of establishing entitlement to fees and documenting the number of hours expended and the hourly rates by presenting specific and detailed evidence from which the court can determine the appropriate award. *See Hensley*, 461 U.S. at 433; *Norman*, 836 F.2d at 1303.

1. <u>Reasonable Hourly Rates</u>

The first consideration is the "reasonable hourly rate," which is defined to be "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299; *Sharp Gen. Contractors, Inc. v. Mt. Hawley Ins. Co.*, No. 06-61573-CIV, 2009 WL 10696543, at *3 (S.D. Fla. Aug. 27, 2009). The fee applicant bears the burden of producing evidence to demonstrate that the requested rate is in line with prevailing market rates. *Norman*, 836 F.2d at 1299. "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.* The court itself is considered an expert on

the issue of reasonable hourly rates in its community and may consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

In the Motion, Defendant seeks the following proposed hourly rates: (1) $350 per hour for attorneys Patricia McLean and Michael Ashy; (2) $260 per hour for associate Chancey O. Smith; and (3) $120 per hour for the firm's paralegals. [ECF No. 64]. In support, Defendant provided information regarding the counsels' background and legal experience. McLean and Ashy have about 25 years of legal experience each, including a wide range of experience in civil litigation matters. Smith has been a member of the Florida Bar since 2016.

Based on the information proffered and the Court's own experience and research, the undersigned finds the requested rates to be reasonable in light of the prevailing rates in this legal community. *See Jarvis v. Geovera Specialty Ins. Co., Inc.*, No. 8:17-cv-296-T-24, 2017 WL 10294860, at *1 (M.D. Fla. Sept. 5, 2017) (granting the motion for fees pursuant to Section 768.79 for a rate of $230 per hour for a partner with 17 years of experience in insurance coverage disputes and a rate of $105 for a paralegal); *King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2010 WL 11505154, at *4 (S.D. Fla. Sept. 29, 2010) (concluding that $180 per hour was a reasonable hourly rate for the services of the lead counsel who had approximately 8 years of experience practicing law); *Eugene v. 3 Don & Partner Est. Grp., LLC*, No. 07-80439-CIV., 2009 WL 996016, at *5 (S.D. Fla. Apr. 14, 2009) (finding that $90 per hour was a reasonable rate for an experienced paralegal). Therefore, the undersigned concludes that the requested rates are reasonable and will be used to calculate the lodestar amount.

### 2. Hours Reasonably Expended

The next consideration is the number of hours reasonably expended on the litigation. To find the reasonable number of hours, the Court must exclude any hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Georgia*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). Any "excessive, redundant, or otherwise unnecessary" hours should be excluded. *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). Fee applicants must exercise "billing judgment," and if they fail to do so, the Court is obligated to do so for the applicants. *ACLU of Georgia*, 168 F.3d at 428. In addition, the party opposing the fee application has the burden of providing specific and reasonably precise objections regarding hours that should be excluded. *Id.*

Here, Defendant submitted a detailed account of all the hours billed in the instant case, including descriptions of each task performed. The record submitted shows that McLean billed 14.1 hours, Ashy billed 18.7 hours, Smith billed 121.2 hours, and the firm's paralegals billed 16.4 hours, for a total of 170.4 hours billed overall from the date the offer of judgment was served up to the date the final judgment was entered over a year later. [ECF No. 64-2].

The undersigned has reviewed the bills and finds that Defendant's counsel exercised billing judgment and finds no unnecessary or excessive hours to exclude. The undersigned notes that although only one motion for summary judgment was filed in the case, Defendant was forced to incur additional expense preparing responses to numerous noncompliant filings by Plaintiff, including multiple responses to Defendant's Motion for Summary Judgment. *See* ECF Nos. 41, 43, 54 (Plaintiff's stricken responses to the Motion for Summary Judgment). The undersigned also notes that although the firm's legal vendor disallowed some of the billed

time, Defendant's counsel has included .9 hours (.5 for McLean and .4 for Smith) in its fee request that had not yet been submitted to its client by the time it filed its Motion.

By failing to respond to the Motion, Plaintiff failed to satisfy their burden of objecting to the requested hours. Regardless, the undersigned concludes that the requested hours (including the .9 hours not yet approved by Defendant) were reasonably expended and will be used for the lodestar calculation.

### 3. Lodestar Calculation

Taking the number of reasonable hours and multiplying it by the reasonable hourly rates, the Court is left with an initial lodestar amount of $44,960. The firm's legal billing vendor disallowed $2,718.00 of the billed fees, and therefore Defendant seeks $42,242 for fees billed. [ECF No. 63 at 12]. There is a "strong presumption that the lodestar figure is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (explaining that a downward adjustment to the lodestar is merited only if the prevailing party was partially successfully in the case). Based on the result of the case and on the lack of objection from Plaintiff, the undersigned sees no reason to adjust the requested amount, which is lower than the lodestar amount. Therefore, Defendant is entitled to recover $42,242 in attorney's fees pursuant to Section 768.79, Florida Statutes.

### C. Computation Of Costs Award

Defendant also seeks $3,683.50 in what it posits are taxable costs under Rule 54(d) of the Federal Rules of Civil Procedure. Defendant asserts that these costs were reasonable and necessary.

Absent explicit statutory authorization, courts are limited to awarding the costs enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S.C. 437, 445 (1987). Those costs allowed under Section 1920 include:

> (1) Fees for the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In support of the amount of costs it seeks, Defendant submitted various invoices, including fees for witnesses, interpreters, and court reporters, costs for service of subpoenas, and transcript costs. [ECF No. 63-2]. The undersigned has reviewed the submitted invoices along with Defendant's explanation in the Motion as to why each cost was necessary and taxable. The undersigned finds that all the referenced costs are allowed under Section 1920 and were necessarily incurred during the course of litigation. Noting that Plaintiff failed to object to the requested costs, the undersigned recommends awarding Defendant $3,683.50 in taxable costs, with post-judgment interest accruing from the date of the final judgment.

### III. CONCLUSION

Based on the foregoing, the undersigned hereby **RECOMMENDS** that Defendant's Motion for Attorney's Fees and Costs [ECF No. 63] be **GRANTED** and that Defendant be awarded $42,242 in attorney's fees and $3,683.50 in taxable costs, with post-judgment interest on the taxable costs accruing from the date of the final judgment.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this  5th  day of December 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE